CXE 17-019603

Shapiro & DeNardo, LLC
14000 Commerce Parkway, Suite B
Mount Laurel, NJ 08054
(856)793-3080
Krystin M. Kane - 171402015
Kathleen M. Magoon - 040682010
Donna L. Skilton - 013072007
Charles G. Wohlrab - 016592012
Courtney A. Martin - 098782016
Elizabeth L. Wassall - 023211995
Jeffrey Rappaport - 003431991
Kristen D. Little - 017411997
ATTORNEYS FOR NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER

| | |
|---|---|
| IN RE: | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY |
| MICHAEL T. BIANCO, DEBTOR | CASE NO.: 18-33874-JNP CHAPTER 13 |

## NOTICE OF MOTION TO VACATE THE AUTOMATIC STAY

TO:      Terry Tucker, Attorney for Debtor
Terry Glen Tucker, P.C.
80 West Broad Street
Bridgeton, NJ 08302

Isabel C. Balboa, Trustee
Chapter 13 Standing Trustee
Cherry Tree Corporate Center
535 Route 38 - Suite 580
Cherry Hill, NJ 08002

Michael T. Bianco, Debtor
27 Hope Grange Road
Bridgeton, NJ 08302

Nationstar Mortgage LLC d/b/a Mr. Cooper has filed papers with the court requesting relief from the Automatic Stay.

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to grant relief from the Automatic Stay to Nationstar Mortgage LLC d/b/a Mr. Cooper with regard to your property located at Lot 14 Block 79
Commonly known as 27 East Commerce Street, Bridgeton, New Jersey 08302 or if you want the court to consider your views on the motion, then on or before ___March 19, 2019___, you or your attorney must:

File a written response in opposition to this motion explaining your position and send to:

Clerk of the United States Bankruptcy Court
Mitchell H. Cohen U.S. Courthouse
400 Cooper Street
Camden, NJ 08101

If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

You must also mail a copy to:

Charles G. Wohlrab, Esquire
Shapiro & DeNardo, LLC
14000 Commerce Parkway, Suite B
Mount Laurel, NJ 08054

Isabel C. Balboa, Trustee
Chapter 13 Standing Trustee
Cherry Tree Corporate Center
535 Route 38 - Suite 580
Cherry Hill, NJ 08002

Additionally, you must attend the hearing scheduled for ___March 26, 2019_____, at ___10:00 am____ in Courtroom _____,

United States Bankruptcy Court
Mitchell H. Cohen U.S. Courthouse
400 Cooper Street
Camden, NJ 08101

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Date: ___3/1/19_____    Signature ___/s/ Charles G. Wohlrab_____

Charles G. Wohlrab, Esquire
Shapiro & DeNardo, LLC
14000 Commerce Parkway, Suite B
Mount Laurel, NJ 08054

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

CXE 17-019603
Shapiro & DeNardo, LLC
14000 Commerce Parkway, Suite B
Mount Laurel, NJ 08054
(856)793-3080
Christopher A. DeNardo - 250782017
Krystin M. Kane - 171402015
Kathleen M. Magoon - 040682010
Donna L. Skilton - 013072007
Charles G. Wohlrab - 016592012
Courtney A. Martin - 098782016
Elizabeth L. Wassall - 023211995
Jeffrey Rappaport - 003431991
Kristen D. Little - 017411997
ATTORNEYS FOR NATIONSTAR MORTGAGE LLC
D/B/A MR. COOPER

| | |
|---|---|
| IN RE:<br><br>MICHAEL T. BIANCO, DEBTOR | CASE NO.: 18-33874-JNP<br><br>JUDGE: HONORABLE JERROLD N. POSLUSNY, JR.<br><br>Chapter: 13 |

## ORDER VACATING STAY

The relief set forth on the following pages, numbered two (2) through two (2) is hereby ORDERED.

Upon the motion of SHAPIRO & DENARDO, LLC, Attorneys for NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER under Bankruptcy Code section 362(d) for relief from the Automatic Stay as to certain real property as hereinafter set forth, and for cause shown,

1.    It is ORDERED that the Automatic Stay of Bankruptcy Code section 362(a) is vacated to permit the movant to institute or resume and prosecute to conclusion one or more action(s) in the court (s) of appropriate jurisdiction to foreclose mortgage(s) held by the movant or alternatively to allow movant to pursue alternatives to foreclosure upon the following:

_____    Land and premises commonly known as Lot 14 Block 79
Commonly known as 27 East Commerce Street, Bridgeton, New Jersey 08302.

2.    It is ORDERED that the movant, its successors or assignees, may proceed with its rights and remedies under the terms of the subject mortgage and pursue its state court remedies including, but not limited to, taking the property to sheriff's sale, in addition to potentially pursing other loss mitigation alternative, including, but not limited to, a loan modification, short sale or deed-in-lieu foreclosure. Additionally, any purchaser of the property as sheriff's sale (or purchaser's assignee) may take any legal action for enforcement of its right to possession of the property.

3.    The movant may join the Debtor and any trustee appointed in this case as defendants in its foreclosure action(s) irrespective of any conversion to any other chapter of the Bankruptcy Code.

The movant shall serve this order on the Debtor, any trustee and other party who entered an appearance on the motion.

CXE 17-019603
Shapiro & DeNardo, LLC
14000 Commerce Parkway, Suite B
Mount Laurel, NJ 08054
(856)793-3080
Krystin M. Kane - 171402015
Kathleen M. Magoon - 040682010
Donna L. Skilton - 013072007
Charles G. Wohlrab - 016592012
Courtney A. Martin - 098782016
Elizabeth L. Wassall - 023211995
Jeffrey Rappaport - 003431991
Kristen D. Little - 017411997
ATTORNEYS FOR NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER

| IN RE: | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY |
|---|---|
| MICHAEL T. BIANCO, DEBTOR | CASE NO.: 18-33874-JNP CHAPTER 13 |

## CERTIFICATION OF SERVICE

1.  I, Matthew Piascik

☐ represent the _____ in the above-captioned matter.

☒ am the secretary/paralegal for <u>Charles G. Wohlrab, Esquire</u> who represents the Secured Creditor in the above-captioned matter.

☐ am the _____ in the above case and am representing myself.

2.  On ___03/01/19___, I sent a copy of the following pleadings and/or documents to the parties listed in the chart below:

   Notice of Motion to Vacate the Automatic Stay,
   Certification of Mortgagee,
   Proposed Order,
   Certification of Service,
   Supporting Documents,
   Statement of No Brief,

3.  I hereby certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Signature

Dated: ___03/01/19___          \s\ Matthew Piascik

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Terry Tucker<br>Terry Glen Tucker, P.C.<br>80 West Broad Street<br>Bridgeton, NJ 08302 | | ☐ Hand-delivered<br>☒ Regular Mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court*) |
| Isabel C. Balboa<br>Chapter 13 Standing Trustee<br>Cherry Tree Corporate Center<br>535 Route 38 - Suite 580<br>Cherry Hill, NJ 08002 | | ☐ Hand-delivered<br>☒ Regular Mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☒ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court*) |
| Michael T. Bianco<br>27 Hope Grange Road<br>Bridgeton, NJ 08302 | | ☐ Hand-delivered<br>☒ Regular Mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court*) |
| | | ☐ Hand-delivered<br>☒ Regular Mail<br>☐ Certified mail/RR<br>☐ E-mail<br>☐ Notice of Electronic Filing (NEF)<br>☐ Other _____<br>(as authorized by the court*) |

* May account for service by fax or other means as authorized by the court through the issuance of an Order Shortening Time.

CXE 17-019603
Shapiro & DeNardo, LLC
14000 Commerce Parkway, Suite B
Mount Laurel, NJ 08054
(856)793-3080
Krystin M. Kane - 171402015
Kathleen M. Magoon - 040682010
Donna L. Skilton - 013072007
Charles G. Wohlrab - 016592012
Courtney A. Martin - 098782016
Elizabeth L. Wassall - 023211995
Jeffrey Rappaport - 003431991
Kristen D. Little - 017411997
ATTORNEYS FOR NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER

| IN RE: | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY |
|---|---|
| MICHAEL T. BIANCO, DEBTOR | CASE NO.: 18-33874-JNP CHAPTER 13 |

**STATEMENT AS TO WHY NO BRIEF IS NECESSARY**

In accordance with D.N.J. LBR 9013-1(a)(3), it is respectfully submitted that no brief is

necessary in the court's consideration of this motion, as it does not involve complex issues of

law.


Date:  3/1/19                          Signature: /s/ Charles G. Wohlrab

                                       Charles G. Wohlrab
                                       Shapiro & DeNardo, LLC
                                       14000 Commerce Parkway
                                       Suite B
                                       Mount Laurel, NJ 08054

CXE 17-019603
Shapiro & DeNardo, LLC
14000 Commerce Parkway, Suite B
Mount Laurel, NJ 08054
(856)793-3080
Krystin M. Kane - 171402015
Kathleen M. Magoon - 040682010
Donna L. Skilton - 013072007
Charles G. Wohlrab - 016592012
Courtney A. Martin - 098782016
Elizabeth L. Wassall - 023211995
Jeffrey Rappaport - 003431991
Kristen D. Little - 017411997
ATTORNEYS FOR NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER

| IN RE: | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY |
|---|---|
| MICHAEL T. BIANCO, DEBTOR | CASE NO.: 18-33874-JNP CHAPTER 13 |

**CERTIFICATION IN SUPPORT OF MOTION BY NATIONSTAR MORTGAGE LLC
D/B/A MR. COOPER
FOR RELIEF FROM AUTOMATIC STAY**

I, __Chastity Wilson_____, declare under penalty of perjury as follows:

1.     I am authorized to sign this certification as a(n) _Assistant Secretary_____of
Nationstar Mortgage LLC d/b/a Mr. Cooper ("Nationstar")  This certification is provided in
support of the Motion for Relief from Stay (the "Motion") filed contemporaneously herewith.

2.     As part of my job responsibilities I have personal knowledge of and am familiar
with the types of records maintained by Nationstar Mortgage LLC d/b/a Mr. Cooper in
connection with the Nationstar Mortgage LLC d/b/a Mr. Cooper account that is the subject of the
Motion (the "Account") and the procedures for creating those types of records.  I have access to
and have reviewed the books, records and files of Nationstar Mortgage LLC d/b/a Mr. Cooper

that pertain to the Account and extensions of the Debtor(s) concerning the property securing such Account.

3.      The information in this certification is taken from Nationstar Mortgage LLC d/b/a Mr. Cooper's business records regarding the Account. The records are: (a) made at or near the time of the occurrence of the matters recorded by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge; and (b) kept in the course of Nationstar Mortgage LLC d/b/a Mr. Cooper's regularly conducted business activities. It is the regular practice of Nationstar Mortgage LLC d/b/a Mr. Cooper to create and maintain such record

4.      The Debtor, Michael T. Bianco has executed and delivered or is otherwise obligated with respect to that certain **Note** referenced in the Motion (the "Note"). Pursuant to that certain Mortgage referenced in the Motion (the "Mortgage"), all obligations of the Debtor under and with respect to the Note and the Mortgage are secured by the property referenced in the Motion.

5.      As of February 20, 2019, there are one or more defaults in paying post-petition amounts due with respect to the Debt Agreement.

6.      As of February 20, 2019, the unpaid principal balance of the Debt Agreement is $70,721.50.

7.      The following chart sets forth those post-petition payments, due pursuant to the terms of the Debt Agreement, that have been missed by the Debtor as of February 20, 2019:

| Number of Missed Payments | From | To | Missed Principal and Interest | Missed Escrow (if applicable) | Monthly Payment Amount | Total Amounts Missed |
|---|---|---|---|---|---|---|
| 2 | 01/01/2019 | 02/01/2019 | 382.47 | 701.95 | 1,084.42 | 2,168.84 |

Total:      **$2,168.84**

8.      As of February 20, 2019, the total post-petition arrearage/delinquency and amount

necessary to cure the post-petition default alleged in the Motion is $2,168.84, consisting of (i) the

foregoing total of missed post-petition payments in the amount of $2,168.84, plus (ii) the

following post-petition fees and advances for taxes and insurance.

| Description | Amount |
|---|---|
| | |

9.      The following documents are attached as exhibits and incorporated herein by

reference:

      a.   Attached hereto as Exhibit A is a true and correct copy of the Note

      b.   Attached hereto as Exhibit B is a true and correct copy of the Mortgage

      c.   Attached hereto as Exhibit C is a true and correct copy of any Assignment(s)

      d.   Attached hereto as Exhibit D is a true and correct copy of any Loan

Modification Agreement(s)

      e.   Attached hereto as Exhibit E is the Certification of Creditor's Post-Petition

Payment History.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury under the laws of
the United States of America that the foregoing is true and correct.

EXECUTED on ___February 28___ , _2019_ .

_Chastity Wilson_
Signature        Chastity Wilson
                 Assistant Secretary of
                 Nationstar Mortgage LLC
                 d/b/a Mr. Cooper
                 Affront

# EXHIBIT

# A

# NOTE

| FHA Case No. |
| --- |
| ███████████ |

APRIL 22, 2009                    Marlton                    NEW JERSEY
[Date]                                    [City]                                    [State]

27 East Commerce Street, Bridgeton, New Jersey 08302
[Property Address]

## 1.  PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means Lincoln Mortgage Company, A Pennsylvania Corporation
and its successors and assigns.

## 2.  BORROWER'S PROMISE TO PAY; INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of ONE HUNDRED SEVEN THOUSAND SEVEN HUNDRED SIXTY-NINE AND 00/100                              Dollars (U.S. $ 107,769.00           ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of FIVE AND 000/1000                              percent ( 5.000 %) per year until the full amount of principal has been paid.

## 3.  PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4.  MANNER OF PAYMENT

**(A) Time**

Borrower shall make a payment of principal and interest to Lender on the 1st  day of each month beginning on JUNE 1, 2009                    . Any principal and interest remaining on the 1st    day of MAY, 2039                    , will be due on that date, which is called the "maturity date."

**(B) Place**

Payment shall be made at 15 East Ridge Pike, Suite 101, Conshohocken, Pennsylvania 19428
, or at such place as Lender may designate in writing by notice to Borrower.

**(C) Amount**

Each monthly payment of principal and interest will be in the amount of U.S. $ 578.53           .
This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

**(D) Allonge to this Note for Payment Adjustments**

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note.

Borrower Initials: _____    _____    _____    _____    _____

NEW JERSEY - FHA FIXED RATE NOTE
NJFHA.NTE 05/01/08                    Page 1 of 3                    DocMagic *eForms* 800-649-1362
www.docmagic.com

(Check applicable box.)

☐ Growing Equity Allonge
☐ Graduated Payment Allonge
☐ Other [specify]:

## 5.  BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

## 6.  BORROWER'S FAILURE TO PAY

### (A) Late Charge for Overdue Payments

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of  FOUR AND 000/1000                             percent (        4.000  %) of the overdue amount of each payment.

### (B) Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances, regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

### (C) Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

## 7.  WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of Dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 8.  GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 9.  OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

Borrower Initials

NEW JERSEY - FHA FIXED RATE NOTE
NJFHA.NTE 05/01/08                          Page 2 of 3                          DocMagic *eForms* 800-649-1362
www.docmagic.com

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.


_____ (Seal)      _____ (Seal)
Michael T. Bianco               -Borrower                                   -Borrower


_____ (Seal)      _____ (Seal)
                                -Borrower                                   -Borrower


_____ (Seal)      _____ (Seal)
                                -Borrower                                   -Borrower


*[Sign Original Only]*

NEW JERSEY - FHA FIXED RATE NOTE
NJFHA.NTE  05/01/08                          Page 3 of 3                   DocMagic *eForms* 800-649-1362
                                                                          www.docmagic.com

# ALLONGE

███████████

**Loan Date:** APRIL 22, 2009

**Borrower(s):** Michael T. Bianco

**Property Address:** 27 East Commerce Street, Bridgeton, New Jersey 08302

**Principal Balance:** $107,769.00

PAY TO THE ORDER OF

Bank of America, N.A.

Without Recourse

Company Name: Lincoln Mortgage Company

By: _Anita Falco Higgins_     _Asst Sec_
(Title)

**Anita Falco Higgins**
Assistant Secretary
Lincoln Mortgage Company

PAY TO THE ORDER OF
Nationstar Mortgage LLC
WITHOUT RECOURSE
BANK OF AMERICA, N.A.

BY _Michele Sjolander_
MICHELE SJOLANDER
SENIOR VICE PRESIDENT

Pay to the Order of

Without Recourse:
Nationstar Mortgage LLC

By: _Shannon Sierra_
Assistant Secretary

Shannon Sierra

DocMagic *e-Forms* 800-649-1362
www.docmagic.com

# EXHIBIT

# B

# RECORDING INFORMATION SHEET

**CUMBERLAND COUNTY CLERK'S OFFICE**
**60 WEST BROAD STREET**
**BRIDGETON NJ 08302**

| INSTRUMENT NUMBER: | DOCUMENT TYPE : |
|---|---|
| **340742** | **MORTGAGE** |

**Official Use Only**

GLORIA NOTO, COUNTY CLERK
CUMBERLAND COUNTY, NJ

INSTRUMENT NUMBER
340742
RECORDED ON
May 4, 2009  12:30 pm
BOOK:4057  PAGE:1198

RMG

**Return Address** *(for recorded documents)*
LLOYDS & HANSON TITLE AGENCY LLC
44 ZION ROAD
SUITE 100
EGG HARBOR TWP NJ 08234

| | |
|---|---|
| **No. Of Pages** *(excluding Summary Sheet)* | 9 |
| **Recording Fee** *(excluding Transfer Tax)* | $110.00 |
| **Realty Transfer Tax** | $0.00 |
| **Amount Charged**    (Check # 49521) | $110.00 |

| Parcel Information | **Block** |
|---|---|
| | **Lot** |
| **First Party Name** | MICHAEL T  BIANCO |
| **Second Party Name** | LINCOLN MORTGAGE CO |

**Additional Information (Official Use Only)**

MAIL COPY    _____
NO COPY    _____
ENVELOPE    _____

ADDITIONAL STAMPINGS    _____

************************** *DO NOT REMOVE THIS PAGE.* ****************************
*COVER SHEET (DOCUMENT SUMMARY FORM) IS PART OF CUMBERLAND COUNTY FILING RECORD*
******************** *RETAIN THIS PAGE FOR FUTURE REFERENCE.* *******************

After Recording Return To:
Lincoln Mortgage Company
15 East Ridge Pike,Suite 101
Conshohocken, Pennsylvania 19428
Loan Number: 3109007164

This Instrument Prepared By:

*RECORD & RETURN*
LLOYDS AND HANDSON TITLE AGENCY, LLC
44 ZION ROAD SUITE 100
EGG HARBOR TOWNSHIP, NJ 08234
*LH 12690*

——————————— [Space Above This Line For Recording Data] ———————————

# MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on   APRIL 22, 2009
The mortgagor is   MICHAEL T. BIANCO, SINGLE MAN

("Borrower").

This Security Instrument is given to Mortgage Electronic Registration Systems, Inc. ("MERS") as mortgagee. MERS is the nominee for Lender, as hereinafter defined, and Lender's successors and assigns. MERS is organized and existing under the laws of Delaware, and has a mailing address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.   Lincoln Mortgage Company, A Pennsylvania Corporation

("Lender")

is organized and existing under the laws of   PENNSYLVANIA
and has a principal office and mailing address of   15 East Ridge Pike, Suite 101, Conshohocken, Pennsylvania 19428
Borrower owes Lender the principal sum of   ONE HUNDRED SEVEN THOUSAND SEVEN HUNDRED SIXTY-NINE AND 00/100   Dollars (U.S. $ 107,769.00   ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on   MAY 1, 2039
This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. This Security Instrument and the Note secured hereby are subject to modification (including changes in the interest rate, the due date, and other terms and conditions), as defined in New Jersey Laws 1985, ch. 353, § 1 et seq., and upon such modification, shall have the benefit of the lien priority provisions of that law.   The maximum principal amount secured by this Security Instrument is $ 107,769.00 .   For these purposes, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, the following described property located in   Cumberland   County, New Jersey:

Borrower Initials

DocMagic *eForms* 800-649-1362
www.docmagic.com

SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS EXHIBIT "A".

which has the address of                    27 East Commerce Street
                                                    [Street]

        Bridgeton               , New Jersey    08302      ("Property Address");
            [City]                                  [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

**UNIFORM COVENANTS.** Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

2. **Monthly Payment of Taxes, Insurance, and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. §2601 et seq. and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

Borrower Initials:

FHA NEW JERSEY MORTGAGE - MERS
NJMTGZ.FHA  11/01/08                    Page 2 of 8                    DocMagic *eForms* 800-649-1362
                                                                        www.docmagic.com

# New Jersey Title Insurance Company

**SCHEDULE A**
*(Continued)*
**LEGAL DESCRIPTION**

ALL that certain lot, parcel or tract of land, situate and lying in the City of Bridgeton, County of Cumberland, State of New Jersey, and being more particularly described as follows:

BEGINNING at a point in the Northerly line of East Commerce Street (64 feet wide) and in the Westerly line of land of United Jersey Bank, described in Deed recorded in Deed Book 187, page 188 & c, said point is further described as being North 80 degrees 24 minutes 55 seconds West, 106.25 feet from the intersection of the Northerly line of East Commerce Street with the Westerly line of Cohansey Street (width varies) and running; thence

(1)      along said Westerly line of land of United Jersey Bank and along the Easterly wall of the building erected on this lot, North 10 degrees 15 minutes 00 seconds East, 127.67 feet to an iron pin set in the Southerly line of City of Bridgeton; thence

(2)      along the same North 79 degrees 29 minutes 30 seconds West, 11.97 feet to an iron pin set in the Easterly line of land of Nicholas D. Dellaquila; thence

(3)      along the same, South 11 degrees 00 minutes 00 seconds West, 99.66 feet to a point; thence

(4)      along the same, and passing through the common partition wall between the building erected on this lot and on the adjacent lot tot the West, South 9 degrees 30 minutes 00 seconds West, 28.13 feet to a point in the Northerly line of East Commerce Street; thence

(5)      along the same and along the face of the building erected on this lot, South 80 degrees 00 minutes 00 seconds East 12.91 feet to the point and place of BEGINNING.

FOR INFORMATIONAL PURPOSES ONLY: Also known as Lot 14 in Block 79 on the City of Bridgeton Tax Map.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

3.   **Application of Payments.**   All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

FIRST, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

SECOND, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

THIRD, to interest due under the Note;

FOURTH, to amortization of the principal of the Note; and

FIFTH, to late charges due under the Note.

4.   **Fire, Flood and Other Hazard Insurance.**   Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

5.   **Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.**   Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a

Borrower Initials: _____

FHA NEW JERSEY MORTGAGE - MERS
NJMTGZ.FHA  11/01/08                              Page 3 of 8                              DocMagic *eForms* 800-649-1362
www.docmagic.com

leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

    6.   **Condemnation.**  The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

    7.   **Charges to Borrower and Protection of Lender's Rights in the Property.**  Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

    If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

    Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement at the Note rate, and at the option of Lender shall be immediately due and payable.

    Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

    8.   **Fees.**  Lender may collect fees and charges authorized by the Secretary.

    9.   **Grounds for Acceleration of Debt.**

        **(a)**  **Default.**  Lender may, except as limited by regulations issued by the Secretary in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

            (i)  Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

            (ii)  Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

        **(b)**  **Sale Without Credit Approval.**  Lender shall, if permitted by applicable law (including section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

            (i)  All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

            (ii)  The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property, but his or her credit has not been approved in accordance with the requirements of the Secretary.

        **(c)**  **No Waiver.**  If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

Borrower Initials:

FHA NEW JERSEY MORTGAGE - MERS
NJMTGZ.FHA  11/01/08           Page 4 of 8           DocMagic eForms 800-649-1362
www.docmagic.com

**(d)  Regulations of HUD Secretary.**  In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid.  This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

**(e)  Mortgage Not Insured.**  Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within     60 DAYS
from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument.  A written statement of any authorized agent of the Secretary dated subsequent to     60 DAYS                              from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility.  Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

**10.  Reinstatement.**  Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument.  This right applies even after foreclosure proceedings are instituted.  To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding.  Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full.  However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

**11.  Borrower Not Released; Forbearance by Lender Not a Waiver.**  Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest.  Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest.  Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12.  Successors and Assigns Bound; Joint and Several Liability; Co-Signers.**  The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b).  Borrower's covenants and agreements shall be joint and several.  Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13.  Notices.**  Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method.  The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender.  Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower.  Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14.  Governing Law; Severability.**  This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located.  In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.  To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15.  Borrower's Copy.**  Borrower shall be given one conformed copy of the Note and of this Security Instrument.

Borrower Initials:

FHA NEW JERSEY MORTGAGE - MERS
NJMTGZ.FHA  11/01/08                          Page 5 of 8                          DocMagic *eForms* 800-649-1362
www.docmagic.com

**16. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

## NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agrees as follows:

**17. Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

**18. Foreclosure Procedure. If Lender requires immediate payment in full under paragraph 9, Lender may foreclose this Security Instrument by judicial proceeding, and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, attorneys' fees and costs of title evidence permitted by Rules of Court.**

**If the Lender's interest in this Security Instrument is held by the Secretary, and the Secretary requires immediate payment in full under paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this paragraph 18 or applicable law.**

**19. Release.** Upon payment of all sums secured by this Security Instrument, Lender shall cancel this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under applicable law.

**20. No Claim of Credit for Taxes.** Borrower will not make deduction from or claim credit on the principal or interest secured by this Security Instrument by reason of any governmental taxes, assessments or charges. Borrower will not claim any deduction from the taxable value of the Property by reason of this Security Instrument.

Borrower Initials:

**21. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument.

[Check applicable box(es)].

☐ Condominium Rider                ☐ Graduated Payment Rider        ☐ Growing Equity Rider

☐ Planned Unit Development Rider   ☐ Adjustable Rate Rider          ☐ Rehabilitation Loan Rider

☐ Non-Owner Occupancy Rider        ☐ Other [Specify]

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in pages 1 through 8 of this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_____ (Seal)         _____ (Seal)
Michael T. Bianco              -Borrower                                  -Borrower

_____ (Seal)         _____ (Seal)
                               -Borrower                                  -Borrower

_____ (Seal)         _____ (Seal)
                               -Borrower                                  -Borrower

Signed, sealed and delivered in the presence of:

_____                 Stephen Barricelli

STEPHEN BARRICELLI
NOTARY PUBLIC 2380436
STATE OF NEW JERSEY
Commission Expires December 2, 2013

FHA NEW JERSEY MORTGAGE - MERS
NJMTGZ.FHA  11/01/08                    Page 7 of 8                    DocMagic eForms 800-649-1362
                                                                      www.docmagic.com

——————————————— [Space Below This Line For Acknowledgment] ———————————————

State of New Jersey,

County of _Cumberland_ , ss

I CERTIFY that on _22 April 2009_ , Michael T. Bianco

personally came before me and stated to my satisfaction that this person (or if more than one, each person):
(a)  was the maker of the attached instrument; and
(b)  executed this instrument as his or her own act.

Notary's Signature                                           Date

STEPHEN BARRICELLI
NOTARY PUBLIC 2380436
STATE OF NEW JERSEY
Commission Expires December 2, 2013

_Stephen Barricelli_
Notary's printed or typed name

My commission expires: _12 - 02 - 2013_

FHA NEW JERSEY MORTGAGE - MERS
NJMTGZ.FHA  11/01/08                    Page 8 of 8                    DocMagic eForms  800-649-1362
                                                                      www.docmagic.com

# EXHIBIT

# C

| INSTRUMENT NUMBER: | DOCUMENT TYPE: |
|---|---|
| 531711 | **ASSIGNMENT OF MORTGAGE** |
| **Official Use Only** | |

**Return Address** (for recorded documents)

NATIONWIDE TITLE CLEARING INC.
2100 ALTERNATE 19 N
PALM HARBOR FL 34683

CELESTE RILEY, COUNTY CLERK
CUMBERLAND COUNTY, NJ

INSTRUMENT NUMBER
531711
RECORDED ON
05/23/2017 02:19:53 PM
BOOK: 04153 PAGE: 3386
CR

Consideration:

| | |
|---|---|
| **No. of Pages** (excluding Summary Sheet) | 1 |
| **Recording Fee** (excluding Transfer Tax) | $40.00 |
| **Realty Transfer Tax** | $0.00 |
| **Amount Charged** | $40.00 |
| **Parcel Information** | Block: Lot: |
| **First Party Name** | LINCOLN MORTGAGE CO BY NOM |
| **Second Party Name** | NATIONSTAR MORTGAGE LLC |

MAIL COPY _____
NO COPY _____
ENVELOPE _____

ADDITIONAL STAMPINGS _____

**Additional Information (Official Use Only)**

*********************** *DO NOT REMOVE THIS PAGE.* ***********************
*COVER SHEET (DOCUMENT SUMMARY FORM) IS PART OF CUMBERLAND COUNTY FILING RECORD*
*************** *RETAIN THIS PAGE FOR FUTURE REFERENCE* ***************

NOTE: If the document data differs from this cover sheet, the document data always supersedes the cover page.
COVER PAGE DOES NOT INCLUDE ALL DATA. PLEASE SEE INDEX AND DOCUMENT FOR ANY ADDITIONAL INFORMATION.

When Recorded Return To:
Nationstar Mortgage LLC
C/O Nationwide Title Clearing, Inc.
2100 Alt. 19 North
Palm Harbor, FL 34683

## ASSIGNMENT OF MORTGAGE

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR LINCOLN MORTGAGE COMPANY, ITS SUCCESSORS AND ASSIGNS, (ASSIGNOR), (MERS Address: P.O. Box 2026, Flint, Michigan 48501-2026) by these presents does convey, grant, assign, transfer and set over the described Mortgage with all interest secured thereby, all liens, and any rights due or to become due thereon to NATIONSTAR MORTGAGE LLC, A DELAWARE LIMITED LIABILITY COMPANY, WHOSE ADDRESS IS 8950 CYPRESS WATERS BLVD., COPPELL, TX 75019 (469)549-2000, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE).

Said Mortgage is dated 04/22/2009, made by MICHAEL T. BIANCO to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR LINCOLN MORTGAGE COMPANY, ITS SUCCESSORS AND ASSIGNS, and recorded on 05/04/2009, in Mortgage Book 4057, Page 1198 and Instrument # 340742, in the office of the Register of Titles and County Recorder in CUMBERLAND County, New Jersey.

Modification: DATED DATE. 09/21/2013, REC DATE. 05/08/2014, BK. 4116, PG. 9550, INST. 460584.

Property is commonly known as: 27 EAST COMMERCE STREET BRIDGETON CITY
BRIDGETON, NJ 08302.

Dated this 16th day of May in the year 2017.
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR LINCOLN MORTGAGE COMPANY, ITS SUCCESSORS AND ASSIGNS

*Tiffany Hansen*

TIFFANY HANSEN
VICE PRESIDENT

All persons whose signatures appear above have qualified authority to sign and have reviewed this document and supporting documentation prior to signing.

STATE OF FLORIDA    COUNTY OF PINELLAS
The foregoing instrument was acknowledged before me on this 16th day of May in the year 2017, by Tiffany Hansen as VICE PRESIDENT of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR LINCOLN MORTGAGE COMPANY, ITS SUCCESSORS AND ASSIGNS, who, as such VICE PRESIDENT being authorized to do so, executed the foregoing instrument for the purposes therein contained. He/she/they is (are) personally known to me.

*Cynthia Albano*

CYNTHIA ALBANO
COMM EXPIRES: 08/01/2020

CYNTHIA ALBANO
Notary Public - State of Florida
My Comm. Expires August 1, 2020
Commission # GG001222

Document Prepared By: E.Lance/NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152
NSDAV 398848354 NJDMND ▮▮▮▮▮▮▮ MERS PHONE 1-888-679-6377 MERS Mailing
Address: P.O. Box 2026, Flint, MI 48501-2026 DOCR T151705-04:56:16 [C-2] EFRMNJ1

# EXHIBIT

# D

# RECORDING INFORMATION SHEET

**CUMBERLAND COUNTY CLERK'S OFFICE**
**60 WEST BROAD STREET**
**BRIDGETON NJ 08302**

| INSTRUMENT NUMBER: | DOCUMENT TYPE : |
|---|---|
| **460584** | **MOD AGMT** |

**Official Use Only**

GLORIA NOTO, COUNTY CLERK
CUMBERLAND COUNTY, NJ

INSTRUMENT NUMBER
460584
RECORDED ON
May 8, 2014  03:12 pm
BOOK:4116  PAGE:9550

PMR

**Return Address** *(for recorded documents)*
DOCUMENT RECORDING SERVICES
PO BOX 3008
TALLAHASSEE FL 32315-9905

| | |
|---|---|
| No. Of Pages *(excluding Summary Sheet)* | 6 |
| Recording Fee *(excluding Transfer Tax)* | $90.00 |
| Realty Transfer Tax | $0.00 |
| Amount Charged    (Check # 4484) | $90.00 |

| Parcel Information | Block |
|---|---|
| | Lot |
| First Party Name | NATIONSTAR MORTGAGE LLC |
| Second Party Name | MICHAEL  BIANCO |

**Additional Information (Official Use Only)**

MAIL COPY _____
NO COPY _____
ENVELOPE  √

ADDITIONAL STAMPINGS _____

******************************* *DO  NOT  REMOVE  THIS  PAGE.*******************************
*COVER SHEET (DOCUMENT SUMMARY FORM) IS PART OF CUMBERLAND COUNTY FILING RECORD*
******************** *RETAIN THIS PAGE FOR FUTURE REFERENCE.*********************

Return to:
Document Recording Services
P.O. Box 3008
Tallahassee, FL  32315-3008

**This Document Prepared By:**
**Steve Safavi**

**NATIONSTAR MORTGAGE LLC**
**350 HIGHLAND DRIVE**
**LEWISVILLE, TX 75067**
**1-888-366-1119**

_____ [Space Above This Line For Recording Data]

Original Recording Date: **May 04, 2009**
Original Loan Amount: **$107,769.00**
New Money: **$0.00**

## LOAN MODIFICATION AGREEMENT    FILE 1ST

This Loan Modification Agreement ("Agreement"), made this 21st day of September, 2013, between **MICHAEL BIANCO** whose address is **27 EAST COMMERCE STREET, BRIDGETON, NJ 08302** ("Borrower") and **NATIONSTAR MORTGAGE LLC** which is organized and existing under the laws of **The United States of America**, and whose address is **350 HIGHLAND DRIVE, LEWISVILLE, TX 75067** ("Lender"), and Mortgage Electronic Registration Systems, Inc. ("MERS"), and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS, ("Mortgagee"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") dated **April 22, 2009** and recorded in **Book/Liber 4057**, Page **1198**, Instrument No: **340742**,  of the **Official Records (Name of Records) of CUMBERLAND County, NJ (County and State, or other Jurisdiction)** and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

**27 EAST COMMERCE STREET, BRIDGETON, NJ 08302,**
(Property Address)
the real property described being set forth as follows:

**See Exhibit "A" attached hereto and made a part hereof;**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as

HUD MODIFICATION AGREEMENT
8300h 11/12

*(page 1 of 5)*



# Exhibit "A"

███████████████████

Property Address: **27 EAST COMMERCE STREET, BRIDGETON, NJ 08302**

Legal Description:
ALL THAT CERTAIN LOT, PARCEL OR TRACT OF LAND; SITUATE AND LYING IN THE CITY OF
BRIDGETON, COUNTY OF CUMBERLAND, STATE OF NEW JERSEY, AND BEING MORE
PARTICULARLY DESCRIBED AS FOLLOWS: BEGINNING AT A POINT IN THE NORTHERLY LINE OF
EAST COMMERCE STREET (64 FEET WIDE) AND IN THE WESTERLY LINE OF LAND OF UNITED
JERSEY BANK, DESCRIBED IN DEED RECORDED IN DEED BOOK 187, PAGE 188 AND C, SAID
POINT IS FURTHER DESCRIBED AS BEING NORTH 80 DEGREES 24 MINUTES 55 SECONDS
WEST, 106.25 FEET FROM THE INTERSECTION OF THE NORTHERLY LINE OF EAST COMMERCE
STREET WITH THE WESTERLY LINE OF COHANSEY STREET (WIDTH VARIES) AND RUNNING
THENCE (1) ALONG SAID WESTERLY LINE OF LAND OF UNITED JERSEY BANK AND ALONG THE
EASTERLY WALL OF THE BUILDING ERECTED ON THIS LOT, NORTH 10 DEGREES 15 MINUTES
00 SECONDS EAST, 127.67 FEET TO AN IRON PIN SET IN THE SOUTHERLY LINE OF CITY OF
BRIDGETON; THENCE (2) ALONG THE SAME NORTH 79 DEGREES 29 MINUTES 30 SECONDS
WEST, 11.97 FEET TO AN IRON PIN SET IN THE EASTERLY LINE OF LAND OF NICHOLAS.D.
DELLAQUILA; THENCE (3) ALONG THE SAME, SOUTH 11 DEGREES 00 MINUTES 00 SECONDS
WEST, 99.66 FEET TO POINT; THENCE (4) ALONG THE SAME, AND PASSING THROUGH THE
COMMON PARTITION WALL BETWEEN THE BUILDING ERECTED ON THIS LOT AND ON THE
ADJACENT LOT TO THE WEST, SOUTH 9 DEGREES 30 MINUTES 00 SECONDS WEST, 28.13 FEET
TO A POINT IN THE NORTHERLY LINE OF EAST COMMERCE STREET; THENCE (5) ALONG THE
SAME AND ALONG THE FACE OF THE BUILDING ERECTED ON THIS LOT, SOUTH 80 DEGREES 00
MINUTES 00 SECONDS EAST 12.91 FEET TO THE POINT AND PLACE OF BEGINNING. FOR
INFORMATION PURPOSES ONLY: ALSO KNOWN AS LOT 14 IN BLOCK 79 ON THE CITY OF
BRIDGETOWN TAX MAP.

████████████████████████████████████████████████████

follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1.  As of **November 1, 2013**, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$81,334.76**, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized, which is limited to escrows and any legal fees and related foreclosure costs that may have been accrued for work completed.

2.  Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **3.875%**, from **November 1, 2013**. Borrower promises to make monthly payments of principal and interest of U.S. **$382.47**, beginning on the **1st** day of **December, 2013**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. If on **November 1, 2043** (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3.  If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

    If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4.  Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

    (a)   all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

    (b)   all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. If the Borrower has, since inception of this loan but prior to this Agreement, received a discharge in a Chapter 7 bankruptcy, and there having been no valid reaffirmation of the underlying debt, by entering into this Agreement, the Lender is not attempting to re-establish any personal liability for the underlying debt.

6. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement.

7. Borrower agrees to make and execute other documents or papers as may be necessary to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

_____ (Seal)

**MICHAEL BIANCO**  -Borrower

_____ [Space Below This Line For Acknowledgments] _____

State of New Jersey

County of __Cumberland__ ss

I certify that on this __15__ day of __Feb__ , 20__14__.

__Michael Bianco__

_____

personally came before me and acknowledged under oath, to my satisfaction, the he (she) is named in and personally signed this document; and delivered this document as his (her) act and deed.

_____

NOTARY PUBLIC

My commission expires : __May 10, 2017__

| YVONNE KALLA |
|---|
| Notary Public |
| State of New Jersey |
| My Commission Expires May 10, 2017 |
| I.D.# 2359746 |

HUD MODIFICATION AGREEMENT                                                      (page 3 of 5)
8300h 11/12

**NATIONSTAR MORTGAGE LLC**

By: _____ (Seal) - Lender

Name: ~~Mark N. Rusurlye~~

Title: ~~Assistant Secretary~~

_3/7/2014_

Date of Lender's Signature

_____ [Space Below This Line For Acknowledgments] _____

State of _Texas_____, County of _Dallas_____ SS.:

I CERTIFY that on _03/07/2014_____

**Mark N. Rusurlye**

Personally came before me and stated to my satisfaction that this person (or if more than one, each person):

(a) was the maker of the attached instrument;

(b) was authorized to and did execute this instrument as _Assistant Secretary_____

of _Nationstar Mortgage LLC_____ the entity named in this instrument; and;

(c) executed this instrument as the act of the entity named in this instrument.

_____

(Print name and title below signature)

Reanelle Navea  Notary Public

REANELLE NAVEA
Notary Public, State of Texas
My Commission Expires
July 15, 2017

HUD MODIFICATION AGREEMENT
8300h 11/12

*(page 4 of 5)*

_____    Mark N. Rusuriye    3/7/2014

Mortgage Electronic Registration Systems, Inc - Nominee for Lender

Title:    **Assistant Secretary**

_____    [Space Below This Line For Acknowledgments] _____

State of _____Texas_____, County of _____Dallas_____ SS.:

I CERTIFY that on _____03/07/2014_____

Mark N. Rusuriye
_____

Personally came before me and stated to my satisfaction that this person (or if more than one, each person):

(a) was the maker of the attached instrument;                    **Assistant Secretary**
(b) was authorized to and did execute this instrument as _____

of _____Mortgage Electronic Registration System, Inc._____ the entity named in this instrument; and;
(c) executed this instrument as the act of the entity named in this instrument.

_____
(Print name and title below signature)

REANELLE NAVEA
Notary Public, State of Texas
My Commission Expires
July 15, 2017

Reanelle Navea / **Notary Public**

HUD MODIFICATION AGREEMENT
8300h 11/12                                                                                    *(page 5 of 5)*

# EXHIBIT

# E

CXE 17-019603
Shapiro & DeNardo, LLC
14000 Commerce Parkway, Suite B
Mount Laurel, NJ 08054
(856)793-3080
Krystin M. Kane - 171402015
Kathleen M. Magoon - 040682010
Donna L. Skilton - 013072007
Charles G. Wohlrab - 016592012
Courtney A. Martin - 098782016
Elizabeth L. Wassall - 023211995
Jeffrey Rappaport - 003431991
Kristen D. Little - 017411997
ATTORNEYS FOR NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER

| IN RE:                          | UNITED STATES BANKRUPTCY COURT       |
|                                 | FOR THE DISTRICT OF NEW JERSEY       |
| MICHAEL T. BIANCO, DEBTOR       |                                      |
|                                 | CASE NO.: 18-33874-JNP               |
|                                 | CHAPTER 13                           |

**CERTIFICATION OF CREDITOR REGARDING POST PETITION PAYMENT HISTORY
(NOTE AND MORTGAGE DATED APRIL 22, 2009)**

   Chastity Wilson       , employed as Assistant Secretary by

Nationstar Mortgage LLC DBA Mr. Cooper, hereby certifies the following:

Recorded on May 4, 2009, in Cumberland County, in Book 4057, Page 1198.

Property Address: 27 East Commerce Street, Bridgeton, NJ 08302

Mortgage Holder: Nationstar Mortgage LLC d/b/a Mr. Cooper

Mortgagor(s)/Debtor(s): Michael T. Bianco

POST-PETITION PAYMENTS (Petition filed on December 4, 2018)

| Amount Due | Date Payment Was Due | How Payment Was Applied (Mo./Yr.) | Amount Received | Date Payment Received | Suspense |
|---|---|---|---|---|---|
| 1. $1,084.42 | 01/01/19 | Payment was not received | | | |
| 2. $1,084.42 | 02/01/19 | Payment was not received | | | |
| TOTAL: $2,168.84 | | | $0.00 | | ($0.00) |

Monthly payments past due: 2 mos. x $1,084.42

(Monthly payments + late charge – total suspense) = $2,168.84 as of February 20, 2019.

Each current monthly payment is comprised of:

| | | |
|---|---|---|
| Principal & Interest: | $ | 382.47 |
| Escrow: | $ | 701.95 |
| Insurance: | $ | 0 |
| Late Charge: | $ | 0 |
| TOTAL | $ | 1,084.42 |

I certify under penalty of perjury that the above is true.

Date:  February 28, 2019

Signature

Chastity Wilson
Assistant Secretary of
Nationstar Mortgage LLC
d/b/a Mr. Cooper